# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DYLAN JEROME BRADFORD                                                              PLAINTIFF

v.                                         4:19CV00134-BSM-JTK

SALINE COUNTY DETENTION CENTER, et al.                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such

1

a

Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Dylan Bradford is an inmate confined at the Saline County Detention Facility (Jail), who filed this pro se 42 U.S.C. § 1983 action, alleging Defendants failed to protect him from an attack by another inmate. (Doc. No. 2). By Order dated February 22, 2019, this Court granted Plaintiff's Motion to Proceed in forma pauperis and directed him to file an Amended Complaint alleging specific facts or actions by Defendants which would support a constitutional claim (Doc. No. 3). The Court also noted that the Amended

Complaint would render the Original Complaint without legal effect.(Id.) Plaintiff has now filed an Amended Complaint adding several Defendants. (Doc. No. 6) Having reviewed such, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

**II.    Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts

3

alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Facts and Analysis

In his Original Complaint, Plaintiff alleged Defendant Jail and the unnamed Sheriff were responsible for placing him in a cell with a federal inmate who caused him harm. In the February 22, 2019 Order, the Court noted that a Jail is not considered a "person" within the meaning of § 1983,[1] and that Plaintiff did not allege specific facts against the Sheriff. (Doc. No. 3, p. 3) The Court then directed Plaintiff to file an

---

[1] Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); Ketchum v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

Amended Complaint which should: **1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state whether he was incarcerated as a pretrial detainee. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.** (Id., p. 4)

In his Amended Complaint, Plaintiff alleges he was placed in a cell with two other inmates, one who was a federal detainee with a prosthetic leg and a known sexual harassment history. Plaintiff claimed that this inmate propositioned him several times, and that he reported one of the incidents to a non-party Defendant. The federal inmate later assaulted both Plaintiff and the third inmate and was then removed from the cell. Plaintiff was provided medical treatment for his injuries, but no x-ray. However, Plaintiff fails to set forth any facts of alleged wrongdoing by any of the named Defendants. He claims that Defendants Brown, Creach and Cummins came to the cell at the time of the assault and took him and the other injured inmate out for medical treatment. He also states that Defendant Neal was "in charge" that night.

However, these allegations do not support a failure to protect claim against any of the Defendants. Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the

constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege and prove that he was incarcerated under conditions posing a substantial risk of serious harm, and that Defendants recklessly disregarded that risk. Jackson v. Everett, 140 F.3d 1149, 1151-1152 (8th Cir. 1998).

Absent allegations that any of the named Defendants knowingly or recklessly incarcerated him in a situation posing a substantial risk of serious harm, the Court finds that his Complaint should be dismissed, for failure to state a claim upon which relief may be granted.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an in forma pauperis appeal from an Order and.

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 11th day of March, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE